UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                                            ) Case No. 19-40447
Richard & Janice Cheers,                          ) Chapter 13
                                                  )
SSN: XXX-XX-8810                                  )
SSN: XXX-XX-5883                                  )
Debtor(s)                                         )
                                                  )

# CHAPTER 13 PLAN

| 1.1 | A limit on the dollar amount of a secured claim, which may result in a partial payment or no payment at all to the secured creditor. | ___ Included<br>_X_ Not Included |
|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest. | ___ Included<br>_X_ Not Included |
| 1.3 | Nonstandard provisions set out in Part 5. | _X_ Included<br>___ Not Included |

**Part 1.**     **NOTICES**

**TO DEBTORS:**  This form sets out options that may be appropriate in some cases, but the presence of an option does not indicate that the option is appropriate in your circumstances or that it is permissible in the Eastern District of Missouri.  **Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**TO CREDITORS:  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**  You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.  If you oppose the plan's treatment, you or your attorney must file an objection to confirmation in accordance with the Eastern District of Missouri Local Bankruptcy Rule 3015.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **YOU MUST FILE A TIMELY PROOF OF CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED IN THE PLAN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM.**

**Part 2.**     **PLAN PAYMENTS AND LENGTH OF PLAN**

2.1    **Plan Payments**.  Debtor is to make regular payments to the Chapter 13 Trustee as follows:  (complete one of the following payment options)

   (A) **$1,955.00** per month for **60** months.

2.2    **Tax Refunds**. Within fourteen days after filing federal and state income tax returns, Debtor shall provide the Chapter 13 Trustee with a copy of each return required to be filed during the life of the plan.  The Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year.

2.3    **Additional Lump Sums**. Debtor shall send additional lump sum(s) consisting of _____, if any, to be paid to the Trustee.


**Part 3.**    **DISBURSEMENTS**

Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors.  All disbursements by the Trustee will be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 3.5 and fees in paragraph 3.6, those funds may be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:

3.1    **Trustee**.   Pay Trustee a percentage fee as allowed by law.

3.2    **Executory Contract/Lease Arrearages**. Trustee will cure pre-petition arrearage on any executory contract accepted in paragraphs 3.3(A) or (B) over the following period, estimated as follows:
   CREDITOR NAME           TOTAL AMOUNT DUE          CURE PERIOD (6 months or less)


3.3    **Pay the following sub-paragraphs concurrently:**

(A) **Post-petition real property lease payments**. Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments (which the Debtor shall pay) in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT

(B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments (which the Trustee shall pay) in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT           EST MONTHS REMAINING


(C) **Continuing Debt Payments (including post-petition mortgage payments on real estate, other than Debtor's residence.)** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph 3.5(A). Trustee shall make payments in the amount listed below or as adjusted by the creditor under terms of the loan agreement.
   CREDITOR NAME            MONTHLY PAYMENT

2

(D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence shall be paid at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:

| CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
|---|---|---|
| **Home Point Financial** | **$1,328.00** | **Debtor** |

(E) **DSO Claims in equal installments.** Pay pre-petition domestic support obligation arrears (not provided for elsewhere in the plan) in full in equal monthly installments over the life of the plan, estimated as:

| CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
|---|---|---|
| | | |

3.4   **Attorney Fees**. Pay Debtor's attorney **$2,387.00** in equal monthly payments over **18** months (no less than 12 months). Any additional fees allowed by the Court shall be paid pursuant to paragraph 3.6 below. [See procedures manual for limitations on use of this paragraph]

3.5   **Pay the following sub-paragraphs concurrently**:

(A) **Pre-petition arrears on secured claims paid in paragraph 3.3**. Pay pre-petition arrearage on debts paid under paragraphs 3.3(C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| **Home Point Financial** | **$0.00** | **48 Months** | **0.00%** |

(B) **Secured claims to be paid in full**. The following claims shall be paid in full in equal monthly payments over the period set forth below with **6.75%** interest:

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| **Ally** | **$33,740.00** | **60 Months** | **$39,848.00** |
| **AmeriCredit** | **$48,803.00** | **60 Months** | **$57,637.00** |

(C) **Secured claims subject to modification**. Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with **6.75%** interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 3.9(A), estimated as set forth below.  If no period is set forth below for a claim to be paid under this paragraph, the claim will be paid over the plan length.

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| **Collector of Revenue** | **$1,006.00** | **$10,000.00** | **60 Months** | **$1,189.00** |

(D) **Co-debtor debt paid in equal monthly installments**. The following co-debtor claims(s) to be paid by Trustee or by the co-debtor as noted below.  If paid by Trustee, such claim(s) shall be paid in equal monthly installments over the period and with interest as identified below:

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
| | | | | |

(E) **Post Petition Fees and Costs**.  Pay any post-petition fees and costs as identified in a notice filed pursuant to Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to

3

pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

3.6    **Additional Attorney Fees**.    Pay **$2,400.00** of Debtor's attorney's fees and any additional Debtor's attorney's fees allowed by the Court.

3.7    **Pay sub-paragraphs concurrently**:

(A) **Unsecured Co-debtor Guaranteed Claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below:
CREDITOR NAME    EST TOTAL DUE    TRUSTEE/CO-DEBTOR    INTEREST RATE

(B) **Assigned DSO Claims**.  Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, will be paid a fixed amount with the balance to be owed by Debtor(s) after completion of the Plan, pursuant to §§ 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s):
CREDITOR         TOTAL DUE         TOTAL AMOUNT PAID BY TRUSTEE

3.8    **Priority Claims.** Pay priority claims allowed under § 507 that are not addressed elsewhere in the plan in full, estimated as follows:
CREDITOR NAME                TOTAL AMOUNT DUE
**Collector of Revenue**            $1,404.83
**IRS**                    $635.44

3.9    **Pay the following sub-paragraphs concurrently**:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $112,790.79. Amount required to be paid to non-priority unsecured creditors as determined by §1325(a)(4) hypothetical Chapter 7 liquidation calculation: **$1,853.73**  Amount required to be paid to nonpriority unsecured creditors as determined by §1325(b) calculation: **$0.00.**  Debtor guarantees a minimum of **$1,853.73** (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s). (Choose one).

☐ Any deficiency shall be paid as non-priority unsecured debt.

☐ The Trustee shall stop payment on the creditor's claim until such time as the creditor files an amended claim showing the secured and unsecured deficiency (if any) still owed after sale of the surrendered collateral.
CREDITOR            COLLATERAL

(C) **Rejected Executory Contracts/Leases.**  Debtor rejects the following executory contract(s) with the following creditor(s).  Any balance will be paid as non-priority unsecured debt:
CREDITOR            CONTRACT/LEASE

4

**Part 4.        OTHER STANDARD PLAN PROVISIONS**

4.1     Absent a specific order of the Court to the contrary, the Chapter 13 Trustee, rather than the Debtor, will make all pre-confirmation disbursements pursuant to § 1326(a).

4.2     All creditors entitled to pre-confirmation disbursements, including lease creditors, must file a proof of claim to be entitled to receive payments from the Chapter 13 Trustee.

4.3     The proof of claim shall control the valuation of collateral and any valuation stated in the plan shall not be binding on the creditor.

4.4     The Trustee, in the Trustee's sole discretion, may determine to reserve funds for payment to any creditor secured by a mortgage on real estate pending filing of a claim.

4.5     Any post-petition claims filed and allowed under § 1305 may be paid through the plan.

4.6     Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

4.7     All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328.  However, Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the court enters an order granting Debtor's request to avoid the liens.

4.8     Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such claimant.

**Part 5.        NONSTANDARD PLAN PROVISIONS**

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Form or Local Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "included" in Part 1 of this Plan:**

5.1     Upon confirmation of this plan and after the expiration of the claims bar date, the debtor may limit future notice of matters in this case to parties affected by the relief sought and parties who file claims or notice requests or entries of appearance with the clerk of court.

**Part 6.        VESTING OF PROPERTY OF THE ESTATE**

6.1     Title to Debtor's property shall re-vest in Debtor(s) upon confirmation.

5

**Part 7.     CERTIFICATION**

**The debtor(s) and debtor(s) attorney, if any, certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 13 of the Eastern District of Missouri, other than any Nonstandard Plan Provisions in Part 5.**

DATE: **1/25/2019**     DEBTOR: **/s/ Richard Cheers**
                                   Richard Cheers

DATE: **1/25/2019**     DEBTOR: **/s/ Janice Cheers**
                                    Janice Cheers

DATE: **1/25/2019**     **/s/ David N. Gunn**
                David N. Gunn, #54880MO
                2249 S. Brentwood Blvd.,
                St. Louis, MO 63144
                Tel:  314-961-9822
                Fax:  314-961-9825
                generalmail@thebkco.com

6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 19-40447 |
| Richard & Janice Cheers, ) | |
| ) | |
| ) | |
| ) | |
| ) | Chapter 13 |
| Debtor(s)-Movant(s), ) | |

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was filed electronically on January 28, 2019 with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

      I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, address to those parties listed below on January 28, 2019.

      The Consumer Law Center of Saint Louis, LLC

                /s/ *Samantha Smith*
                Samantha Smith, Legal Assistant

| | | |
|---|---|---|
| Ally Financial<br>Attn: Bankruptcy Dept<br>Po Box 380901<br>Bloomington, MN 55438 | AmeriCredit/GM Financial<br>Attn: Bankruptcy<br>Po Box 183853<br>Arlington, TX 76096 | Axcess Financial<br>7755 Montogomery Road<br>Suite 400<br>Cincinnati, OH 45236 |
| Bank Of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa, FL 33634 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130 | Chase Card Services<br>Correspondence Dept<br>Po Box 15298<br>Wilmington, DE 19850 |
| Citibank North America<br>Citibank Corp/Centralized<br>Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179 | Citibank/Exxon Mobile<br>Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179 | Citibank/The Home Depot<br>Attn: Recovery/Centralized<br>Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179 |

7

Citicards Cbna
Citi Bank
Po Box 6077
Sioux Falls, SD 57117

CNU of Missouri, LLC
dba CashNet USA LLC
175 W. Jackson Blvd., Ste 1000
Chicago, IL 60604

Collector of Revenue
41 South Central
Saint Louis, MO 63105

Collector of Revenue
City of St. Louis
1200 Market Street
Room 110
Saint Louis, MO 63130

Comenity Bank/Gordmans
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218

Credit First National Association
Attn: Bankruptcy
Po Box 81315
Cleveland, OH 44181

Credit One Bank
Attn: Bankruptcy
Po Box 98873
Las Vegas, NV 89193

Dell Financial Services LLC
Attn: President/CEO
Po Box 81577
Austin, TX 78708

Home Point Financial Corp
Attn: Correspondence
11511 Luna Rd, Ste 200
Farners Branch, TX 75234

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

LoanMe, Inc.
Attn: Bankruptcy
Po Box 5648
Orange, CA 92863

Mariner Finance
8211 Town Center Dr
Nottingham, MD 21236

Missouri Department of Revenue
Bankruptcy Unit
PO Box 475
301 W. High Street
Jefferson City, MO 65105-0475

OneMain Financial
Attn: Bankruptcy
601 Nw 2nd Street
Evansville, IN 47708

Opportunity Financial, LLC
130 East Randolph Street
Suite 3400
Chicago, IL 60601

Personal Finance Co
Attn: Bankruptcy
3983 Mexico Rd
St Peters, MO 63376

Personal Finance Co
Attn: Bankruptcy
15368 Veterans Memorial Pkwy
Wentzville, MO 63385

Scott Credit Union
501 Edwardsville Road
Troy, IL 62294

Sun Loan - St. John MO
9000 St. Charles Rock Rd.
Saint Louis, MO 63114

Sun Loan Company
Attn: Bankruptcy Dept
9855 Saint Charles Rock Road
St. Ann, MO 63074

Syncb/home Dsn Outdr L
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony Bank
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Synchrony Bank/Amazon
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

Synchrony Bank/Walmart
Attn: Bankruptcy Dept
Po Box 965060
Orlando, FL 32896

United States Attorney
111 South 10th Street 20th Floor
Saint Louis, MO 63102

Value City Furniture
c/o Client Services, Inc.
3451 Harry S. Truman Blvd
Saint Charles, MO 63301-4047

Visa Dept Store National Bank/Macy's
Attn: Bankruptcy
Po Box 8053
Mason, OH 45040

Walmart/Synchrony Bank
c/o EGS Financial Care, Inc
4740 Baxter Rd.
Virginia Beach, VA 23462

8